UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JAIME FERNANDEZ DEL PINO,<br><br>Petitioner,<br><br>v.<br><br>WARDEN, FCI MENDOTA,<br><br>Respondent. | No. 1:22-cv-01434-HBK (HC)<br><br>ORDER REQUIRING PETITITONER TO SUBMIT SIGNED DECLARATION<br><br>TWENTY-ONE DAY DEADLINE |

On November 8, 2022, Petitioner filed a petition for writ of habeas corpus. (Doc. No. 1, "Petition"). A close examination of the Petition reveals the Petition is unsigned. Petitioner will be granted an opportunity to cure this deficiency.

Rule 11 requires all pleadings, written motions, and other papers be signed by at least one attorney of record or by a party personally if the party is unrepresented. Fed. R. Civ. P. 11(a); Petitioner's failure to sign the Petitioner also violates Local Rule 131 (b), which requires among other things that "[a]ll pleadings ... shall be signed by the individual attorney for the party presenting them, or by the party involved if that party is appearing in *propria persona*." L.R. 131(b). In addition, Rule 2 of the Rules Governing Section 2254 Cases requires a petition for writ of habeas corpus to "be signed under penalty of perjury by the petitioner."

As opposed to striking the Petition, the Court will permit Petitioner to submit a notice to the court confirming that he submitted the instant petition to the Court and sign the notice it under

penalty of perjury. The document should contain an original signature. Petitioner shall have twenty-one (21) days from the date of service of this order to comply with the Court's directive.

Accordingly, it is **ORDERED**:

1. Within **twenty-one days (21)** from the date of service of this order, Petitioner shall file a "Notice" stating that he submitted the instant petition to the Court and must sign the Notice under penalty of perjury.

2. Failure to comply with this Order will result in the Court striking the petition.

Dated:   December 9, 2022

HELENA M. BARCH-KUCHTA
UNITED STATES MAGISTRATE JUDGE